THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VANESTA CAZARES, individually, and on behalf of others similarly situated,<br>     *Plaintiff*,<br>  v.<br><br>PROGRESSIVE UNIVERSAL INSURANCE COMPANY,<br>     *Defendant*. | No. 25 C 4974<br><br>Chief Judge Virginia M. Kendall |

## OPINION & ORDER

Plaintiff Vanessa Cazares brings a putative class action against Defendant Progressive Universal Insurance Company ("Progressive") on three grounds. (First Amended Class Action Complaint; Dkt. 19). First, Cazares alleges that Progressive improperly denied Cazares' claim to avoid or defeat the policy in a violation of the Illinois Insurance Code. 215 ILCS 5/154. Second, Cazares brings a breach of contract claim. Finally, Cazares' third count is vexatious and unreasonable denial and delay, for which Illinois law permits enhanced "taxable costs" in damages. 215 ILCS 5/155. Defendant Progressive now moves to dismiss the Amended Complaint under Rule 12(b)(6). (Dkt. 24). For the reasons below, the Court denies Cazares' Motion for Leave to File a Sur-Reply [40] and grants Progressive's Motion to Dismiss [24] the First Amended Class Action Complaint without prejudice.

## BACKGROUND

The following facts are set forth in the Amended Complaint, except where noted, which the Court accepts as true for purposes of a motion to dismiss. *See Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013).

1

On April 12, 2024, Cazares applied online for an automobile insurance policy for her 2019 Chevrolet Equinox (the "Vehicle"). (Dkt. 19 ¶ 4). Progressive approved the application and issued Plaintiff an automobile insurance policy for the Vehicle, effective the same day as the application (the "Policy"). (*Id*. ¶¶ 4, 23; Plaintiff's Exhibit A: Auto Insurance Coverage Summary, Dkt. 19-1). In both her application and on her declarations page, Cazares listed only herself under the Policy's covered "Drivers and household residents." (*Id*. at 1). After six months, Cazares renewed the Policy on its expiration date—October 12, 2024—for a second six-month term. (Dkt. 19 ¶ 4; Plaintiff's Exhibit B: Second Auto Insurance Coverage Summary, Dkt. 19-2). Cazares did not submit a renewal application "pursuant to typical policy and practice at Progressive." (*Id*. ¶ 5).

On January 2, 2025, during her second policy term, Cazares' son Luis Corral borrowed the Vehicle and was in a car accident. (*Id*. ¶¶ 6, 28). The accident resulted in extensive damage, with a repair estimate of $4,506.65. (*Id*. ¶ 28). Accordingly, Cazares then made a claim with Progressive timely under the terms of the Policy. (*Id*. ¶ 29). On January 28, 2025, Progressive denied collision and liability coverage on the claim, noting that Corral was required to be disclosed and listed on the application in order for the total policy premium for all persons of driving age to be properly calculated. (*Id*. ¶ 29; Plaintiff's Exhibit C: Denial Letter, Dkt. 19-2).

Nonetheless, the renewed Policy included the provision that Cazares' "insurance application . . . is made a part of this policy as if attached hereto." (Dkt. 19-1 at 31.) The policy also required Cazares to "cooperate with [Progressive] in determining if this information is correct and complete, and to promptly notify [Progressive] if it changes during the policy period." (*Id*. at 32). Changes include "the persons who regularly operate a covered auto." (*Id*.) Cazares renewed the second Policy with only her name on the Policy under "Drivers and household residents." (Dkt.

2

19-2). Cazares conceives of this as a "second, distinct" Policy for which she was never required to submit an application. (Dkt. 33 at 2).

Illinois law holds that "[n]o misrepresentation or false warranty made by the insured or in his behalf in the negotiation for a policy of insurance, or breach of a condition of such policy shall defeat or avoid the policy or prevent its attaching unless such misrepresentation, false warranty or condition shall have been stated in the policy or endorsement or rider attached thereto, or in the written application therefor." 215 ILCS 5/154. Cazares alleges that "it was impossible for Plaintiff to make any misrepresentation in an application for the Second Policy" because Cazares did not submit a second application for that policy. (Dkt. 19 ¶ 45). Thus, in Cazares' eyes, Progressive violated Illinois law by denying Plaintiff's claim on the grounds that there was a misrepresentation on the application for the First Policy. (*Id.* ¶ 44).

Cazares also alleges that Progressive breached the contract contained in the Policy due to the Policy's incorporation of the Illinois law above. *See* Dkt. 19-1 at 33 ("If any provision of this policy fails to conform to the statutes of the state listed on your application as your residence, the provision shall be deemed amended to conform to such statutes."). Cazares seeks enhanced damages under Illinois law allowable where an insurer's delay in settling a claim "is vexatious and unreasonable." 215 ILCS 5/155.

Finally, Cazares seeks to be appointed as class representative on behalf of approximately more than 1,000 members of a putative class: "Illinois residents who were Progressive customers and made an insurance claim to Progressive regarding an incident or loss that occurred on a date (1) after their initial policy term, and/or (2) one year after their original policy start date, where Progressive denied such claim on the alleged ground that there had been a misrepresentation in the original application." (Dkt. 19 ¶ 32).

**LEGAL STANDARD**

To survive a motion to dismiss for failure to state a claim, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Kaminski v. Elite Staffing*, 23 F.4th 774, 776 (7th Cir. 2022) (quoting Fed. R. Civ. P. 8(a)(2)). Specifically, "a plaintiff must allege 'enough facts to state a claim that is plausible on its face.'" *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 850 (7th Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). At the same time, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937). As such, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Further, the moving party bears the burden of establishing the insufficiency of the plaintiff's allegations.

**DISCUSSION**

Under Illinois law, "each renewal of an insurance policy results in a new contract." *Illinois State Bar Ass'n Mut. Ins. Co. v. Rex Carr L. Firm, LLC*, 2017 IL App (4th) 160365-U, ¶ 28 (Ill. App. Ct. 2017). That means that "a misrepresentation in an initial application does not justify rescission of a renewal of the policy, where the insured made no misrepresentation in the application for renewal and *neither the new policy nor the application for renewal incorporated the initial application for insurance*." See *Illinois State Bar Ass'n Mut. Ins. Co. v. Brooks, Adams & Tarulis*, 24 N.E.3d 237, 239 (Ill. App. Ct. 2014) (emphasis added).

4

That final clause is the exception that governs this case. Here, Progressive's Second Policy explicitly incorporated the initial application for insurance. Plaintiff's Declaration page for the Second Policy explicitly included her representation that she was the sole driver of the Vehicle. (Dkt. 19-2). While Progressive is incorrect to conceive of this as "a single Policy spanning two terms," it is also true that Illinois law considers whether the initial application and related information was incorporated into renewal processes, as here. *Accord Call One Inc. v. Berkley Ins. Co.*, No. 21-cv-466, at 11 (N.D. Ill. Sept. 30, 2025).[1]

The Illinois Insurance Code states that a misrepresentation only defeats or avoids a Policy if it was "made with actual intent to deceive or materially affects either the acceptance of the risk or the hazard assumed by the company." 215 ILCS 5/154. A 'misrepresentation' in an application for insurance is a statement of something as a fact which is untrue and affects the risk undertaken by the insurer." *Ratcliffe v. Int'l Surplus Lines Ins. Co*, 550 N.E.2d 1052, 1057 (Ill. App. Ct. 1990). A material misrepresentation will render a contract unenforceable even if it is made mistakenly or in good faith; "thus, an insurer need not prove that a misrepresentation was made with the intent to deceive so long as it was material to the assumed risk." *Styzinski v. United Sec. Life Ins. Co. of Illinois*, 772 N.E.2d 888, 893 (Ill. App. Ct. 2002) (citing *Ratcliffe*, 550 N.E.2d at 1052). That includes where an answer "might reasonably influence an insurer to reject a risk or charge a higher premium." *TIG Ins. Co. v. Reliable Rsch. Co.*, 228 F. Supp. 2d 921, 928 (S.D. Ill. 2002), *aff'd sub nom*. *TIG Ins. Co. v. Reliable Rsch. Co.*, 334 F.3d 630 (7th Cir. 2003).

---

[1] Plaintiff requested leave to file a sur-reply to address *Call One*, a September 30, 2025, Opinion that Progressive cited in its Reply. (Dkt. 37). That request is denied. (Dkt. 40). This Opinion was publicly available prior to Plaintiff's Response filed on October 27, 2025, which, at 17 pages, already exceeded the allotted page limit for the standard briefing without leave of this Court. (Dkt. 33). While the Court has permission to permit sur-replies, here, Progressive made no new arguments and just cited additional on-point case law in its Reply. Further, Plaintiff's own citations to Illinois state court cases govern the result in this case.

The list of drivers who regularly operate a covered automobile are among the most fundamental elements of automobile insurance policies alongside information about the vehicles themselves. Indeed, Progressive explicitly requires changes in this information to be promptly reported. (Dkt. 19-1 at 32). At the time of her policy's renewal, Cazares explicitly listed only herself under the "Drivers and household residents" section of her Second Policy. (Dkt. 19-2). The Policy further states that a change in the listed drivers of the Vehicle—i.e., a truthful representation of Plaintiff's son as a driver under the Policy—would likely have resulted in a corresponding change to the negotiated premium. (Dkt. 19-1 at 32).

Progressive denied the loss because it determined that Luis Corral was a regular driver and a child living away from home who drove the vehicle. (Dkt 19-3). Progressive's application listed out both 1) regular drivers as well as 2) all children who live away from home who drive the covered vehicles "even occasionally" as individuals who should be included in "Drivers and household residents." (*Id.*) Cazares admits to giving her son permission to drive the Vehicle; her allegations instead rest entirely on an alternate conception of her duties under the Second Policy. (Dkt. 19 ¶ 27). But that conception fails as a matter of law. The new policy explicitly "incorporated the initial application for insurance," *Brooks, Adams & Tarulis*, 24 N.E.3d at 239, which undermines Cazares' entire claim.

Accordingly, the misrepresentation at issue directly prevented Progressive from adequately assessing the risk of insuring Plaintiff's Vehicle and, thus, was material. Cazares has thus failed to state a claim under the Illinois Insurance Code. 215 ILCS 5/154. And because Cazares' claim under Illinois law fails, so too does the breach of contract claim based on the incorporation of that same Illinois law. The Court need not reach any further issue related to damages or the putative class, which are mooted by the analysis laid out in this Opinion.

**CONCLUSION**

      For the reasons set forth above, Progressive's Motion to Dismiss [24] is granted without prejudice. The Court also denies Cazares' Motion for Leave to File a Sur-Reply [40]. The First Amended Class Action Complaint [19] is dismissed with leave to refile on or before 2/2/26 if she is able to do so in accordance with this Order.

                                                                          _____
                                                                Virginia M. Kendall
                                                                United States District Judge

Date: January 12, 2026